IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO H. FLORES, | No. C 11-00370 SBA (PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| v. | |
| IMMIGRATION AND NATURALIZATION SERVICE, HOMELAND SECURITY, | |
| Respondents. | |

The following background is taken from the Court's February 18, 2011 Order:

> On January 25, 2011, Petitioner, who is currently being held at Chino State Prison,[1] filed a document with the Court in the instant case entitled, "Application for Waiver," which was opened as a civil rights action. He did not pay the filing fee or file an <u>in forma pauperis</u> (IFP) application. The Clerk of the Court sent him a notice that he had not filed a complaint or petition, and informed him that if he intended to commence a new case he must file one within thirty days. The Clerk also sent Petitioner a notice directing him to pay the filing fee or to file a completed IFP application, also within thirty days.
>
> On February 9, 2011, Petitioner filed a letter indicating that his original filing was "not a civil lawsuit, nor is it habeas corpus." (Feb. 9, 2011 Letter at 1.) He explains that the "INS and Homeland Security has initiated an action against [him] for removal proceedings," and that he was "responding to the action they initiated." (<u>Id.</u>) It seems that Petitioner is challenging removal proceedings.

(Feb. 18, 2011 Order at 1 (footnote added).) The Court further stated:

> Here, based on what is alleged in the "Application for Waiver," it appears that the removal proceedings were ordered as a result of "criminal allegations made against him which are still currently under review by the courts in California." (App. for Waiver at 2.) The Court assumes that Petitioner means that the removal proceedings could have stemmed from his conviction, and that he has commenced a collateral challenge to his conviction in the state courts. If this is so, 28 U.S.C. § 1252(a)(2) bars filing a petition for review in the Court of Appeals. The Court tentatively determines that if Petitioner filed a habeas petition under § 2241 challenging the removal proceedings, it would be appropriately filed in this Court, subject to reconsideration after briefing if Respondent wishes to challenge that point. However, the Court's docket reveals that Petitioner has never filed a federal habeas petition challenging the removal proceedings in this or any other federal district court. As such, he has no federal habeas corpus petition pending. Without an actual petition, this action cannot proceed.

---

[1] The Court notes that Chino State Prison is otherwise known as the California Institution for Men in Chino, California.

1  (Id. at 2.)  Therefore, Petitioner was directed to file with the Court a § 2241 habeas petition form,

2  completed in full within thirty days if he "wishe[d] to challenge the removal proceedings . . . ." (Id.)

3       On March 14, 2011, Petitioner filed a habeas petition under 28 U.S.C. § 2241 challenging

4  removal proceedings.  He has paid the $5.00 filing fee.

5       The Court finds that Petitioner's action must be transferred because jurisdiction does not lie

6  in this district.  Section 2241 allows "the Supreme Court, any justice thereof, the district courts and

7  any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C.

8  § 2241(a).  The Court has interpreted the "within their respective jurisdictions" language of § 2241

9  to mean nothing more than that the court issuing the writ must have jurisdiction over the custodian.

10  Rumsfeld v. Padilla, 542 U.S. 426, 440-442 (2004).  As to challenges under section 2241 to present

11  physical confinement, this is not synonymous with any district in which the respondent is amenable

12  to service of process.  Id. at 442-44.  "[F]or core habeas petitions challenging present physical

13  confinement, jurisdiction lies in only one district: the district of confinement."  Id. at 442-43.  Here,

14  as mentioned above, Petitioner is incarcerated at the California Institution for Men in Chino,

15  California, which lies within the venue of the Eastern Division of the Central District of California.

16  See 28 U.S.C. § 84.  Therefore, the Court ORDERS that the Clerk of the Court shall TRANSFER

17  this matter to the Eastern Division of the United States District Court for the Central District of

18  California forthwith.  All remaining motions are TERMINATED on this Court's docket as no longer

19  pending in this district.

20       IT IS SO ORDERED.

21  DATED:   5/13/11                                             *Saundra B Armstrong*
                                                                   SAUNDRA BROWN ARMSTRONG

22                                                                     United States District Judge

**United States District Court**
**For the Northern District of California**

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO H. FLORES, | Case Number: CV11-00370 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| INS et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Romulo Hidaldo Flores F61811
Chino State Prison
P.O. Box 600
Chino, CA 91708

Dated: May 16, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Flores0370.transfer.wpd3